Mirinaviciene v. Keuka College

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Stacey S. Mirinaviciene,

> *Plaintiff-Appellant,*

> v.                                                                24-1006

Keuka College, Amy Storey, Bradley Fuster, Colleen Bertrand, Anne Tuttle, Ed Silverman, Keuka College Board of Trustees,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Stacey Mirinaviciene, pro se, Penn Yan, NY. |
| **FOR DEFENDANTS-APPELLEES KUEKA COLLEGE, STOREY, BERTRAND, TUTTLE, SILVERMAN, AND KEUKA COLLEGE BOARD OF TRUSTEES:** | Katherine S. McClung, Bond, Schoeneck & King PLLC, Rochester, NY. |
| **FOR DEFENDANT-APPELLEE FUSTER:** | Jacqueline Phipps Polito, Tara McAndrew, Littler Mendelson, P.C., Fairport, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Stacey Mirinaviciene was a tenured professor at Keuka College and over 40 years old at the time of the events underlying this case. In December 2021, the college required all faculty and staff to prove within 30 days that they had received a booster shot against COVID-19. Mirinaviciene requested an extension of the deadline, which she claims Keuka denied. These events ultimately led to the termination of her employment in March 2022. Mirinaviciene then sued Keuka

College and several members of its administration. Her overarching claim was that Keuka used its COVID-19 booster policy as a pretext to terminate older faculty members in violation of the Age Discrimination in Employment Act ("ADEA") and New York State Human Rights Law ("NYSHRL"). She also brought a state law breach of contract claim.

The district court dismissed Mirinaviciene's ADEA claim for failure to state a claim with prejudice and declined to exercise supplemental jurisdiction over her remaining state law claims, dismissing them without prejudice. *Mirinaviciene v. Keuka College*, No. 23-CV-6233-FPG, 2024 WL 1557187 at * 2–4 (W.D.N.Y. Apr. 10, 2024). Mirinaviciene now appeals.

We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

This Court reviews de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the pro se complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

The ADEA makes it "unlawful for an employer … to discharge any individual … because of such individual's age." 29 U.S.C. § 623(a). The plaintiff

3

bears the initial burden of establishing a "prima facie" case. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012). "To establish a prima facie case, a plaintiff with an age discrimination claim must show (1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." *Id.* at 129 (quotation marks omitted).

A plaintiff may raise an inference of discrimination by plausibly alleging that "a similarly situated employee not in [her] relevant protected group received better treatment." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53 (2d Cir. 2001). Alleged comparators must be "similarly situated" to the plaintiff "in all material respects." *See Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014). What constitutes "all material respects" varies from case to case, but "the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000).

Here, Mirinaviciene seeks to raise an inference of discrimination by alleging that she was replaced by a younger professor. But the complaint provides no

4

information about the circumstances of the younger professor's hiring or whether or not he complied with the school's booster mandate. Although Mirinaviciene's replacement was younger than she was, there are no alleged facts from which one might plausibly infer that the replacement was similarly situated in all material respects. As such, no inference of discrimination can be drawn.

Mirinaviciene also alleges that other older faculty members were terminated or resigned due to harassment, which she argues independently supports an inference of discrimination. The complaint, however, fails to offer any factual allegations regarding the circumstances of those faculty members' departures from Keuka, the identities or ages of their replacements, or their level of compliance with the college's booster mandate. The district court thus properly concluded that this allegation was too conclusory and generalized to support a plausible inference of discrimination. *See Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 306 (2d Cir. 2021).

Finally, because the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Mirinaviciene's state law claims, we do not reach the merits of these claims. *See Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 259 (2d Cir. 2006).

We have considered Appellant's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court